# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

## SHREVEPORT DIVISION

| | |
|---|---|
| MORRIS EDWARDS | CIVIL ACTION NO. 18-803-P |
| VERSUS | CHIEF JUDGE HICKS |
| OFFICER JAMES | MAGISTRATE JUDGE HORNSBY |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Morris Edwards, ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was filed in this court on June 14, 2018.  He is incarcerated at the Claiborne Parish Detention Center in Homer, Louisiana.  He claims his civil rights were violated.  Plaintiff names Officer James as defendant.

Plaintiff claims that on March 13, 2017, he was called to the booking department at Caddo Correctional Center and was told that he was also being charged with simple burglary of Great Raft Brewing.  He claims Officer James fabricated the February 26, 2017 report which stated he made a forced entry into Great Raft Brewing with the intent to commit a theft therein.  Plaintiff claims the video surveillance of the of the incident proves this report is false.

Accordingly, Plaintiff seeks monetary damages and to have the charge dismissed.

## LAW AND ANALYSIS

### Dismissal of Charges

A claim seeking the dismissal of a charge is properly raised pursuant to 28 U.S.C. § 2241, not § 1983.  Section 2241 applies to persons in custody awaiting trial who have not yet been convicted.   See Stringer v. Williams, 161 F.3d 259, 262 (5th Cir. 1998). Accordingly, Plaintiff's claims regarding the dismissal of the charge should be dismissed for failure to state a claim upon which relief may be granted.

### Conclusory Claim

Plaintiff claims Officer James fabricated the February 26, 2017 report which stated he made a forced entry into Great Raft Brewing with the intent to commit a theft therein. Plaintiff claims the video surveillance of the of the incident proves this report is false.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations.  Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986).  The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials.  See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

Plaintiff has named an individual as defendant and is therefore required to give factual details regarding his alleged constitutional rights violations.  Plaintiff fails to state

how the police report was fabricated or that Officer James knew the police report was fabricated.   Plaintiff has failed to give any factual details as to these claims.

Furthermore, "[t]he mere existence of falsified police reports do not in and of themselves violate any ... federal rights." Nowell v. Acadian Ambulance Service, 147 F.Supp.2d 495, 505 (W.D. La. 2001) (citing Landrigan v. City of Warwick, 628 F.2d 736, 745 (1st Cir.1980); Comfort v. Town of Pittsfield, 924 F.Supp. 1219, 1230 (D.Me.1996); White v. Tamlyn, 961 F.Supp. 1047, 1056–67 (E.D.Mich.1997); Bush v. City of Philadelphia, 1999 WL 554585 (E.D.Pa.1999)). "[F]alsified police reports are only actionable under § 1983 if those reports result in the deprivation of life, liberty or property." Nowell, 147 F.Supp.2d at 505 (citing Landrigan, 628 F.2d at 745).

Accordingly, this conclusory claim should be dismissed for failure to state a claim on which relief may be granted.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.   See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).   District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319 (1989).   See also Gartrell v. Gaylor, 981

F.3d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed in forma pauperis that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915.")

For the reasons stated above, the court finds that the IFP complaint of Plaintiff lacks an arguable basis either in law or in fact.

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and

that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

      **THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 20th day of May, 2021.

Mark L. Hornsby
U.S. Magistrate Judge